IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAUL STEVEN WYERS                                                                                    PLAINTIFF

        v.                                        Civil No. 08-2077

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Paul Wyers, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff filed his applications for DIB and SSI on January 31, 2006, alleging an onset date of May 1, 2005, due to back pain, seizures, and depression. (Tr. 54, 83, 86, 218). His application was initially denied and that denial was upheld upon reconsideration. (Tr. 43, 46, 222, 227). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on May 23, 2007. (Tr. 377-391). Plaintiff was present and represented by counsel.

At this time, plaintiff was 33 years of age and possessed an eleventh grade education. (Tr. 379-380). He had past relevant work ("PRW") as a forklift operator and highway maintenance laborer. (Tr. 75-82, 380, 386, 387).

On July 30, 2007, the ALJ found that plaintiff's degenerative disk disease of the lumbar spine, seizure disorder, and depression were severe, but did not meet or medically equaled one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 21-22). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours (with normal breaks) in an 8-hour workday, sit 6 hours (with normal breaks) in an 8-hour workday, and must avoid hazards. Further, the ALJ determined that plaintiff had moderate restrictions in concentration, persistence, and pace. (Tr. 24). With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a mail clerk and hand packager. (Tr. 23).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 20, 2008. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion**

In the present case, plaintiff filed additional medical evidence with the Appeals Council. Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period

on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

The records indicate that plaintiff was suffering from chronic and severe back pain caused by a herniation of the L5-S1 disk with herniation to the right having some mild effect on the passing right S1 nerve root. (Tr. 142, 179). His treating doctor, Dr. R. W. Ross, diagnosed plaintiff with L5-S1 herniated disk with right radiculopathy. Plaintiff also had a history of seizure disorder and kidney stones. Dr. Ross prescribed Oxycodone, Methocarbamol, Cymbalta, Lexapro, and Tegretol to treat plaintiff's impairments. On February 5, 2007, Dr. Ross completed a physical RFC assessment. (Tr. 202-205). He concluded that plaintiff could sit for 2 hours during an 8-hour workday; stand and/or walk for 10 to 30 minutes during an 8-hour workday; occasionally lift up to 5 pounds; never lift more than 5 pounds; never carry; could not push/pull or work about shoulder level; could never bend, squat, crawl, climb, reach, stoop, or crouch; and, would have mild restrictions with regard to working near marked changes in temperature and humidity and driving. Dr. Ross stated that his RFC was based on x-rays of plaintiff's back and neck and his history of grand mal seizures. (Tr. 202-205). At this time, plaintiff's medications included Oxycodone, Nexium, Methocarbamol, Cymbalta, Lexapro, and Tegretol. (Tr. 209).

In records submitted to the Appeals Council, plaintiff was diagnosed with a compression fracture at the T12 level in 2006, and was determined to be a candidate for a diskectomy by Dr. Arthur Johnson, a orthopaedist. However, due to financial constraints, plaintiff was unable to

4

undergo surgery. These additional records also indicate that plaintiff sought consistent treatment from Dr. Ross and through the local emergency rooms for his back pain. In addition, he sought emergency treatment on at least two occasions after reportedly suffering a seizure. (Tr. 286-295, 309-315).

In his opinion, the ALJ discredited plaintiff's subjective complaints partially because the record did not contain treatment records from Dr. Johnson, the orthopaedist. He also stated that the record was devoid of any evidence to show that plaintiff had suffered any seizures during the relevant time period. The ALJ then discounted Dr. Ross's RFC assessment, stating that it appeared to be based upon plaintiff's subjective complaints. He concluded that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 6 hours (with normal breaks) in an 8-hour workday, sit 6 hours (with normal breaks) in an 8-hour workday, and must avoid hazards.

Given the fact that the additional evidence presented to the Appeals Council contained the very evidence, the lack of which, the ALJ relied upon to deny plaintiff's claim, we believe that this evidence would have impacted the ALJ's determination. Therefore, remand is necessary to allow the ALJ to evaluate this evidence.

We also note that the ALJ adopted the RFC assessment proffered by a non-examining, consultative examiner. The evaluation of a doctor who examines a plaintiff once, or not at all, does not constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). As it is not clear from Dr. Ross's assessment that he based his conclusions on plaintiff's subjective complaints alone, on remand, the ALJ is directed to reevaluate Dr. Ross's assessment in conjunction with all of plaintiff's medical records, including the ones submitted to the Appeals

5

Council. Should his assessment require clarification, the ALJ is directed to submit interrogatories to Dr. Ross to clarify his opinion.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of September 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)